LOUIS CAPPELL, APPELLANT, v. LEONARD J. JONES, TRADING AS JONES HEALTH OFFICE, RESPONDENT.

Submitted October 29, 1926—Decided January 31, 1927.

Appellant engaged respondent to administer to him a number of electrical treatments, for a stipulated sum, which was paid.   At one of these treatments the electric current was applied to his leg and hip, and left on for twenty minutes, and appellant complained that his leg was burned and was treated for this injury, both by respondent's assistants and another physician.   The facts

recited were sufficient from which to draw the inference of negligence on the part of respondent, and it was error to withdraw the case from the jury.

———

On appeal from the Passaic County Circuit Court.

For the appellant, *Albert Schwartz.*

For the respondent, *Meyer Lobsenz.*

The opinion of the court was delivered by

CAMPBELL, J.   Appellant engaged respondent to administer to him twelve electrical treatments for a stipulated sum of money, which was paid.   He received four treatments. Upon the fourth treatment a pad was applied to the calf of his leg and another to his hip.   The electric current was turned on, and the nurse, in the employ of respondent, left appellant in this condition, unattended, for a period of twenty minutes.   Upon returning she turned off the current and appellant complained to her that his leg pained him and that it was burned.   The injury was treated by respondent's assistants on several subsequent days.   Appellant was also treated by another physician.

Appellant brought suit, and at the trial there was proof of the foregoing facts and proof by physicians that appellant had an injury from a burn.   At the close of appellant's case a nonsuit was moved on the ground that all that the proofs established was that appellant had a treatment and suffered an injury, but that there was nothing to show that such injury was the proximate result of negligence imputable to respondent.

The learned trial judge held that the doctrine of *res ipsa loquitur* did not apply, and "the evidence being barren of any direct testimony from which the jury could infer negligence the motion for nonsuit must prevail."

We think that from the facts established by the appellant's witnesses negligence can be reasonably inferred.   A jury question was, therefore, presented, and it was error to withdraw the cause from the jury.   The judgment below is reversed.

*For affirmance*—BLACK, LLOYD, KAYS, DEAR, JJ.  4.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-
CHARD, MINTURN, KALISCH, KATZENBACH, CAMPBELL, VAN
BUSKIRK, McGLENNON, HETFIELD, JJ.  10.